[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the court on plaintiff's post judgment motion for modification of child support.
A dissolution was entered on December 15, 1994, and the defendant mother became the residential custodian of the children.
On November 15, 1995, the children moved in with the plaintiff, and two months later, on January 19, 1996, the plaintiff served upon the defendant a motion to modify custody and child support. The plaintiff has not paid court ordered child support since November 15, 1995.
On September 24, 1996, this court accepted the stipulation of the parties and ordered that custody of the minor children be transferred to the plaintiff father.
The first issue which the court must address is whether the plaintiff is liable for court ordered child support from November 15, 1995 to January, 1996. This must be answered in the affirmative. Absent any valid defenses, such as estoppel, laches, etc., the plaintiff is required to pay the child support ordered CT Page 8600 by the court and cannot unilaterally stop payment in spite of the children moving in with him. Accordingly, the court finds an arrearage of $1628 for this period of time and orders the plaintiff, forthwith, to pay such sum to the defendant. The arrearage is computed at $203.50 times 8 weeks.
Next, the husband seeks child support from the wife from the date of service of his motion, i.e., January 19, 1996 to September 24, 1996, and the establishment of a weekly support order to be paid by the mother. Again, there is no question but that the court has the authority to order retroactive support payments from the date of the filing of the motion. The court must determine what the financial circumstances of the parties were at that time in order to arrive at an appropriate amount of child support.
From the evidence presented, the court can reasonably find that the plaintiff's gross wages at the time of the service of the motion were approximately $75,000 per annum. (See Defendant's Exhibit 2.) Further, defendant's Exhibit 4 shows the plaintiff's gross wages from January 1, 1996 to August 1, 1996 to be $45,000, or a monthly gross of $6400, which sum approximates the plaintiff's 1995 income on a prorated basis. Certainly, the court has sufficient evidence to make a finding that, as of January 16, 1996, the plaintiff's weekly gross earnings were approximately $1400 per week, with a net weekly sum of approximately $1100.
The defendant's financial affidavit indicates that her net weekly income is $64,800.
The court determines that the combined net income is approximately $1745, and that the guideline basic obligation is $478 per week, of which the mother is responsible for 36 percent of said amount or $173 per week.
Accordingly, the court orders that the defendant shall pay to the plaintiff the sum of $173 per week for child support. This sum is retroactive from January 17, 1996 to October 9, 1996 (a period of 38 weeks), for a total arrearage of $6574. The court will give credit to the wife of $900 for hockey fees, skates and hockey camp payments made on behalf of Bret.
In conclusion, the court finds and orders the present weekly support order to be $173; the arrearage owed by the wife to the husband to be $6574, which is reduced by credits of $1628 and $900. CT Page 8601
The net amount owed by the wife, after applying the credits, is $4046, which amount is to be paid at the weekly rate of $25 commencing November 6, 1996.
Mihalakos, J.